**Jerry Dewaine CAMMUSE,
Petitioner–Appellant,**

v.

**Jack MORGAN, Respondent–Appellee.**

No. 03–5798.

United States Court of Appeals,
Sixth Circuit.

June 28, 2004.

James W. Price, Jr., Price, Rodgers, Hill & Kolarich, Nashville, TN, for Petitioner–Appellant.

David H. Findley, Asst. Atty. General, Office of the Attorney General, Criminal Justice Division, Nashville, TN, for Respondent–Appellee.

Before: SILER and GIBBONS, Circuit Judges; and REEVES, District Judge.*

---

* The Honorable Danny C. Reeves, United States District Judge for the Eastern District of Kentucky, sitting by designation.

GIBBONS, Circuit Judge.

Petitioner-appellant Jerry Dewaine Cammuse a Tennessee prisoner convicted of multiple counts of sexual battery and rape of his three daughters, appeals the dismissal of his petition for the writ of habeas corpus by the United States District Court for the Middle District of Tennessee. The district court concluded that all of Cammuse's claims, except his claim of ineffective assistance of trial counsel, were waived or procedurally defaulted. With respect to Cammuse's ineffective assistance of trial counsel claim, the court held that the state court's application of federal law in considering this claim was not unreasonable.

On appeal, Cammuse first argues that, while his actual innocence claim was procedurally defaulted, he can show cause and prejudice to excuse the default. He also asserts that not excusing his default of this claim would result in a fundamental miscarriage of justice. Second, Cammuse contends that he received ineffective assistance of counsel at his trial.

For the reasons set forth below, we affirm the judgment of the district court.

## I.

Cammuse was convicted in Tennessee state court of twenty-three counts of sexual battery, aggravated sexual battery, rape, and aggravated rape of his three daughters. He was sentenced to 280 years imprisonment. The Tennessee Court of Criminal Appeals affirmed his conviction but modified his sentence to 150 years. Following the modification of his sentence. Cammuse filed an application for permission to appeal with the Tennessee Supreme Court, which the court denied in September 1992.

Cammuse then filed a petition for post-conviction relief, which was dismissed by the Davidson County Criminal Court in May 1997 following an evidentiary hearing. After his counsel filed a brief appealing the trial court's dismissal of Cammuse's post-conviction petition, Cammuse filed a motion to dismiss his counsel, which the Tennessee Court of Criminal Appeals denied in February 1998. The court later affirmed the dismissal of Cammuse's petition for post-conviction relief.

Cammuse next pursued a petition for rehearing with the state criminal appeals court. In his petition. Cammuse asserted that the court failed to consider the September 1997 affidavits of the alleged victims and his ex-wife in which each recanted their earlier testimony against him. The court denied Cammuse's petition for rehearing after concluding that the affidavits, which were not part of the record on appeal and instead were filed as *amicus curiae* petitions, could not form the basis of post-conviction relief. The court noted that such evidence may support the grant of a *writ of error coram nobis* on the grounds of newly discovered evidence, but in this case. Cammuse did not file a petition for the writ within the writ's statute of limitations. The court then denied Cammuse's petition for rehearing. Cammuse subsequently filed an application for permission to appeal with the Tennessee Supreme Court, which was denied.

After exhausting his state remedies. Cammuse filed *pro se* a petition pursuant to 28 U.S.C. § 2254 for the writ of habeas corpus. In his petition, Cammuse presented *inter alia* an actual innocence claim, which was based on the recanting affidavits of Cammuse's daughters and their mother. Cammuse also alleged that his trial counsel was ineffective because his counsel failed to call witnesses who would have testified that he was intoxicated when he made statements to the police.[1]

---

1. Cammuse's habeas petition also asserted a *Brady* claim, an ineffectiveness of appellate

counsel claim, and a claim of prosecutorial

The State filed a motion to dismiss Cammuse's habeas petition and for summary judgment, and Cammuse filed a cross-motion for summary judgment. The district court denied the motions of both parties and appointed a federal public defender to represent Cammuse. After the appointment of new counsel, the State renewed its motion for summary judgment. The district court granted the State's motion, concluding that Cammuse had waived or procedurally defaulted on all of his claims except for his claim of ineffective assistance of trial counsel. Cammuse filed a motion to alter or amend the district court judgment, which the court denied. The district court issued a certificate of appealability, and Cammuse filed a timely notice of appeal.

## II.

This court reviews the district court's denial of a petition for writ of habeas corpus *de novo* and the court's findings of fact for clear error. *Skaggs v. Parker*, 235 F.3d 261, 266 (6th Cir.2000). Because Cammuse filed his federal habeas petition after the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). AEDPA's provisions apply to the instant case. *Campbell v. Coyle*, 260 F.3d 531, 538–39 (6th Cir.2001).

■ The district court concluded that Cammuse procedurally defaulted on his actual innocence claim because Cammuse did not present this claim to any state court, and therefore he did not comply with the one-year statute of limitations for post-conviction relief provided by Tenn. Code Ann. § 40–30–202(a) (2002).² On appeal. Cammuse concedes that his actual

innocence claim is procedurally defaulted but asserts that he can demonstrate cause and prejudice for the default. Specifically, he argues that the cause for the default was the unwillingness of his post-conviction counsel to present evidence of Cammuse's actual innocence—the affidavits of his victims and their mother recanting their trial testimony—coupled with the state court's denial of his motion to dismiss his post-conviction attorney. Cammuse claims that he was prejudiced by this default because it prevented him from presenting evidence of his actual innocence.

Federal courts may not consider claims that are procedurally defaulted. *Cone v. Bell*, 359 F.3d 785, 789 (6th Cir.2004) (citing *Seymour v. Walker*, 224 F.3d 542, 549–50 (6th Cir.2000)). "A claim is procedurally defaulted if: (1) the petitioner failed to comply with an applicable state procedural rule; (2) the state courts actually enforced the procedural rule; and (3) the state courts' finding of noncompliance is an adequate and independent state ground for denying relief on the federal constitutional claim." *Id.* (citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir.1986)). When a state prisoner has procedurally defaulted his federal claims in state court, "federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law. or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

In essence, Cammuse's claim is that the cause of the procedural default of his

misconduct. Cammuse does not pursue these claims on appeal.

**2.** Section 202(a) (2002) provides that a petition for post-conviction relief must be filed within one year of the action of the highest

state appellate court to which appeal is taken, and this statute of limitations shall not be tolled for any reason. The present version of this section appears at Tenn.Code Ann. § 40–30–102(a).

actual innocence claim was his attorney's ineffective assistance during his post-conviction proceedings and his inability to discharge this attorney. The Supreme Court has established that a petitioner does not have a constitutional right to an attorney in state post-conviction proceedings. *Id.* at 752 (citing *Pennsylvania v. Finley,* 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987); *Murray v. Giarratano,* 492 U.S. 1, 109 S.Ct. 2765, 106 L.Ed.2d 1 (1989)). "Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings." *Id.* Therefore. Cammuse's claim regarding the ineffectiveness of his post-conviction attorney is without merit.

Furthermore, it is important to note that the affidavits of Cammuse's family, which were not part of the record on appeal and were dated September 20, 1997, were completed years after Cammuse's judgment became final.[3] Cammuse offers no challenge to the conclusion of the Tennessee Court of Criminal Appeals that recanting affidavits cannot form the basis of post-conviction relief but instead may support the *writ of error coram nobis,* which, pursuant to Tenn.Code Ann. § 27–7–103, may be had within one year after a judgment becomes final. Hence, Cammuse's post-conviction attorney—or even Cammuse himself—would have been unable to file the recanting affidavits within the statute of limitations for the *writ of error coram nobis* in Tennessee. In sum, Cammuse has wholly failed to demonstrate cause for the procedural default of his actual innocence claim. Therefore, this court need not consider whether he has been prejudiced by the default. *See Simpson v. Jones,* 238 F.3d 399, 409 (6th Cir.2000).

Cammuse next argues that a severe miscarriage of justice will result if his habeas petition is not granted. Moreover, Cammuse asserts that it would offend justice to keep him imprisoned despite his innocence, which he claims is evidenced by the recanting affidavits. "Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Herrera v. Collins,* 506 U.S. 390, 400, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993). Cammuse has not argued that any independent constitutional right was violated in the course of his criminal proceedings. Accordingly, Cammuse has failed to make a showing sufficient to excuse the procedural default of his actual innocence claim.[4]

### III.

■ Cammuse next argues that he received ineffective assistance of trial counsel because his attorney did not call witnesses at a suppression hearing who would have testified that Cammuse was intoxicated when he made a statement to the police. The Tennessee Court of Criminal Appeals applied the standard provided in *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and rejected this claim during Cammuse's post-conviction proceedings because there was not proof in the record that the witnesses could be located or even actually

---

**3.** Cammuse's judgment became final on September 14, 1992, when the Tennessee Supreme Court denied Cammuse's application for permission to appeal the decision of the state appellate court on direct appeal of his conviction.

**4.** In support of his actual innocence claim. Cammuse also asserts that he should have been afforded an evidentiary hearing to present the recanting affidavits. We need not decide whether such a hearing was necessary because Cammuse procedurally defaulted his actual innocence claim and has not made a showing sufficient to excuse that default.

existed. The district court decided that the state court's application of federal law was not unreasonable.

AEDPA provides that a federal court may not grant a writ of habeas corpus to a person in custody pursuant to a state court judgment with respect to a claim that was adjudicated on the merits in state court unless the adjudication of the claim

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1) & (2). A decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). An "unreasonable application" of clearly established federal law occurs when "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* "Under this standard, a state court decision is not unreasonable simply because the federal court concludes that the state decision is erroneous of incorrect." *Thompson v. Bell*, 315 F.3d 566, 585 (6th Cir.2003). Instead, "the federal court must determine that the state court decision is an objectively unreasonable application of federal law." *Id.*

In *Strickland*, the Supreme Court announced a two-part test for evaluating claims of ineffective assistance of counsel. 466 U.S. at 687. "First, the defendant must show that counsel's performance was deficient.... Second, the defendant must show that the deficient performance prejudiced the defense." which "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial." *Id.* In reviewing Cammuse's claim that his attorney did not call witnesses who could not be located, the state court properly identified the *Strickland* standard, and the decision of the state court was not an objectively unreasonable application of federal law.

## IV.

For the foregoing reasons, the judgment of the district court is affirmed.